# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY (US) HOLDINGS, INC., and SEAGATE TECHNOLOGY LLC, <br><br> Defendants. | **REDACTED** <br><br><br> Misc. No. \_\_\_\_ <br><br> (Civ. No. 16-cv-00538) <br> (Case Pending in W.D. Pa.) |

**DEFENDANTS SEAGATE TECHNOLOGY (US) HOLDINGS, INC.'S AND SEAGATE TECHNOLOGY LLC'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL THIRD PARTY ACACIA RESEARCH CORPORATION'S COMPLIANCE WITH SUBPOENA**

FAEGRE BAKER DANIELS LLP

David J.F. Gross
Calvin L. Litsey
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
650-324-6700
david.gross@faegrebd.com
calvin.litsey@faegrebd.com

Chad Drown
Elizabeth Cowan Wright
Theodore M. Budd
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
612-766-7000
chad.drown@faegrebd.com
elizabeth.cowanwright@faegrebd.com
ted.budd@faegrebd.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
pkraman@ycst.com

*Attorneys for Seagate Technology (US) Holdings, Inc. and Seagate Technology LLC*

Dated: June 13, 2017
Redacted Version: June 20, 2017

**Table of Contents**

                                              **Page**

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................... 2

    Acacia's Ownership of the '988 Patent ................................................................................ 2

    Seagate's Subpoena to Acacia .............................................................................................. 3

ARGUMENT .................................................................................................................................... 4

        A.   Acacia's Redactions of Responsive Documents Are Improper. ....................................... 5

            1.      The Redacted Information is Relevant. ..................................................................... 5

            2.      Acacia Cannot Redact Documents Based on Its Own Determination of Relevancy. .................................................................................................................. 8

            3.      Acacia's Redactions Based on Confidentiality Are Unwarranted. ........................... 9

CONCLUSION ................................................................................................................................ 10

STATEMENT PURSUANT TO LOCAL RULE 7.1.1 ................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bartholomew v. Avalon Capital Grp., Inc.*,
278 F.R.D. 441 (D. Minn. 2011)...............................................................................8, 9

*DataQuill Ltd. v. High Tech Computer Corp.*,
887 F. Supp. 2d 999 (S.D. Cal. 2011)..........................................................................5

*Diagnostics Sys. Corp. v. Symantec Corp.*,
2008 WL 9396386 (C.D. Cal. Apr. 4, 2008) ...............................................................7

*High Point SARL v. Sprint Nextel Corp.*,
2011 WL 4008009 (D. Kan. Sept. 9, 2011) .................................................................9

*In re GPAC Inc.*,
57 F.3d 1573 (Fed. Cir. 1995)......................................................................................7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012)........................................................................................5

*Medical Tech., Inc. v. Breg, Inc.*,
2010 WL 3734719 (E.D. Pa. Sept. 21, 2010) ..............................................................9

*Mickowski v. Visi–Trak Corp.*
36 F. Supp. 2d 171 (S.D.N.Y. 1999)............................................................................7

*Mickowski v. Visi–Trak Corp.*
230 F.3d 1379 (Fed. Cir. 2000)....................................................................................7

*Neonatal Prod. Grp., Inc. v. Shields*,
2015 WL 7078796 (D. Kan. Nov. 13, 2015) ...........................................................8, 9

*Orion Power Midwest, L.P. v. Am. Coal Sales Co.*,
2008 WL 4462301 (W.D. Pa. Sept. 30, 2008) .............................................................8

*Pacitti v. Macy's*,
193 F.3d 766 (3d Cir. 1999).........................................................................................4

*ResQNetcom, Inc. v. Lansa, Inc.*,
828 F. Supp. 2d 688 (S.D.N.Y. 2011)..........................................................................7

*Sellon v. Smith*,
112 F.R.D. 9 (D. Del. 1986) ........................................................................................8

*Software Rights Archive, LLC v. Google Inc.*,
    2009 WL 1438249 (D. Del. May 21, 2009) ..........................................................................4, 5

*Wellin v. Wellin*,
    2014 WL 3496514 (D.S.C. July 14, 2014) ...........................................................................8, 9

**RULES**

Fed. R. Civ. P. 45(d)(2)(B)(i) ...........................................................................................................1

Fed. R. Civ. P. 45(g) ........................................................................................................................5

iii

## **INTRODUCTION**

Defendants Seagate Technology (US) Holdings, Inc., and Seagate Technology LLC (collectively, "Seagate") hereby seek to compel third party Acacia Research Corporation ("Acacia") to produce unredacted versions of subpoenaed documents pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i).

This motion relates to a subpoena served in connection with a patent infringement lawsuit entitled *Lambeth Magnetic Structures, LLC v. Seagate Technology (US) Holdings, Inc. and Seagate Technology, LLC*, Civ. Action No. 2:16-cv-00538-CB, pending in the Western District of Pennsylvania. In that patent case, Lambeth Magnetic Structures ("LMS") sued Seagate for infringement of United States Patent No. 7, 128,988 (the "'988 patent"). The '988 patent has changed hands a few times over the years. Dr. David Lambeth is the named inventor on the '988 patent, and the '988 patent was originally owned by an entity called Lambeth Systems. In 2010, Lambeth Systems sold the '988 patent to Acacia Research Corporation ("Acacia"). (Budd Decl., Ex. 1 at ¶ 3.) Acacia then included the '988 patent in its patent portfolio and licensed the '988 patent to a number of other companies. (*Id.*, Exs. 8-12.) After a dispute with Dr. Lambeth, Acacia transferred the '988 patent back to Lambeth Systems, after which Lambeth Systems apparently assigned the '988 patent to LMS. (*Id.*, Ex. 2.) LMS then sued Seagate for infringement of the '988 patent in the underlying action pending in the Western District of Pennsylvania. (*Id.*, Ex. 13.)

As part of fact discovery in the case between LMS and Seagate, Seagate served a third-party subpoena on Acacia seeking documents related to Acacia's ownership and licensing of the '988 patent. (*Id.*, ¶ 2, Ex. 3.) Acacia produced documents in response to Seagate's subpoena, but redacted some of its documents based on relevance and confidentiality. (*Id.*, ¶ 3, Ex. 5.)

Acacia's redactions are baseless for multiple reasons, including the fact that courts in the Third Circuit have held that a producing party may not redact information from otherwise responsive documents based on relevancy and there is a protective order in the underlying action to alleviate any confidentiality concerns. Counsel for Seagate and Acacia have met and conferred regarding Acacia's document production multiple times, but they have been unable to reach an agreement regarding Acacia's redactions. (*Id.*, ¶ 7.) Accordingly, Seagate asks the Court to compel Acacia to produce all non-privileged documents responsive to Seagate's subpoena in unredacted form.

## FACTUAL BACKGROUND

On April 29, 2016, LMS filed the underlying action in the Western District of Pennsylvania against Seagate. (*See id.*, Ex. 13.) LMS alleges that certain Seagate hard disk drives infringe the '988 patent. *Id.*

### Acacia's Ownership of the '988 Patent

The '988 patent was originally owned by Lambeth Systems, a sole proprietorship of the named inventor of the '988 patent, Dr. David Lambeth. (*Id.*, Ex. 1 at ¶ 5.) In 2010, Lambeth Systems assigned its rights in the '988 patent to Acacia ("Lambeth/Acacia Assignment"). (*Id.* Ex. 1 at ¶ 3; Ex. 15.) While Acacia owned the '988 patent, it licensed the '988 patent to Samsung Corporation ("Samsung") ▇▇▇▇▇▇▇▇▇▇ (*Id.*, Exs. 8, 12.) ▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*, Ex. 2 at § 2.2.7; Exs. 9-11, Ex. 15.)

Around March 2013, Dr. Lambeth alleged that Acacia violated the Lambeth/Acacia Assignment by bundling the '988 patent with other patents in a patent license agreement with Samsung ("Acacia/Samsung Agreement"). (*Id.*, Ex. 1 at ¶¶ 3-4.) In June 2013, ▇▇▇▇

2

███████████████████████████████████████, Acacia transferred the '988 patent rights back to Lambeth Systems ████████████████████████████ Lambeth Systems then allegedly assigned the '988 patent to LMS. (*Id.*, Ex. 2)

### Seagate's Subpoena to Acacia

On July 26, 2016, Seagate served the subpoena at issue on Acacia, specifying production in Wilmington, Delaware—the location of Acacia's agent of record. (*Id.*, Ex. 3.) On August 10, 2016, Acacia served objections to Seagate's document requests, but Acacia did not refuse to produce documents in response to any of the requests. (*Id.*, Ex. 4.) On October 5, 2016, Acacia began producing documents to Seagate, but Acacia heavily redacted numerous documents in this production, including Acacia's agreements with Samsung ████████. (*Id.*, ¶ 2-3, Exs. 8, 9.)

In an April 18, 2017 phone conference with Seagate counsel, Acacia maintained that it would not remove any redactions on its produced documents. (*Id.*, ¶ 5.) Acacia also confirmed that it would not produce any additional documents in response to Seagate's subpoena, except for previously withheld communications with Dr. Lambeth and some additional redacted agreements relating to the '988 patent. (*Id.*, ¶ 6.) Subsequently, Acacia produced additional documents, including heavily redacted copies of its agreements with ████████████████ ████ (*Id.*, Exs. 10-12.)

Overall, a substantial number of the documents produced by Acacia contain redactions, with some documents so significantly redacted that their production was practically useless. For example, Acacia redacted all pages of the Acacia/Samsung Agreement that identify any patents licensed to Samsung aside from the '988 patent. (*Id.*, Ex. 8 at ARC 00010-43, ARC 00045-49, ARC 00063-97.) Acacia similarly redacted its agreement with ████████. (*Id.*, Ex. 12 at ARC0002118-2214.) Acacia also heavily redacted the covenants not to sue and license

3

agreements it granted to ███████████████████████████████

███████. (*Id.*, Ex. 9 at ARC 00119-127; Ex. 10 at ARC0002354-2397, ARC0002399-2415, ARC0002419, ARC0002424-2425, ARC0002432-2468, ARC0002471-2488; Ex. 11 at ARC0002233-2256, ARC0002267-2287, ARC0002301-2319.) And Acacia's redactions are not limited to the agreements it produced—approximately 23% of the other documents produced by Acacia contain some redaction. (*Id.*, ¶ 4.)

In a letter dated February 14, 2017, Acacia attempted to justify its redactions by claiming that the redacted information is highly confidential and irrelevant. (*Id.*, Ex. 5 at 2 ("Critically, not only is the redacted information within the October 5th Production confidential, but it is also irrelevant.").) Acacia then confirmed twice in writing that its redactions were based on confidentiality and relevance. (*Id.*, Ex. 6 ("Acacia's October 5, 2016 production contains redactions of information related to patent portfolios *other than* the Lambeth patent portfolio on the basis of confidentiality and irrelevance"); *id.*, Ex. 7 at 2 ("Acacia now confirms that it has redacted this non-Patent-in-Suit information on the basis of confidentiality and relevancy.").) Notably, Acacia has not contended that any of the disputed redactions were based on attorney-client privilege or any other basis.

## ARGUMENT

The Third Circuit has recognized "that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). To that end, subpoenas served on non-parties are afforded the same broad scope as requests served on parties to the litigation. *See Software Rights Archive, LLC v. Google Inc.*, 2009 WL 1438249, at *2 (D. Del. May 21, 2009) ("[T]he Advisory Committee Note to Rule 45 explains that the non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom

a request is addressed pursuant to Rule 34." (internal quotations omitted)). Under Rule 45(g), the court may hold in contempt a subpoenaed party who fails to obey the subpoena without adequate excuse. Fed. R. Civ. P. 45(g).

### A. Acacia's Redactions of Responsive Documents Are Improper.

Acacia attempts to justify its redactions by asserting that the redacted information is irrelevant and highly confidential. Both positions are without merit for at least three reasons. *First*, much of the redacted information—such as the list of other patents included in a license to the patent-in-suit—is indeed relevant. *Second*, redacting based on relevance is simply not permitted under the law in these circumstances. *Third*, confidentiality is not a basis for redaction where a comprehensive protective order exists, as in this case.

#### 1. The Redacted Information is Relevant.

Even though Acacia's documents contain extensive redactions, it is clear that at least some of the information Acacia has redacted is relevant to the current lawsuit between LMS and Seagate. For instance, the information redacted from the Acacia/Samsung Agreement may provide evidence regarding the value of the '988 patent. *See DataQuill Ltd. v. High Tech Computer Corp.*, 887 F. Supp. 2d 999, 1022-24 (S.D. Cal. 2011) (highlighting importance of damages expert using technologically comparable licenses in formulating damages analysis).

The Acacia/Samsung Agreement was negotiated by a patent valuation entity (Acacia) and a leading technology company (Samsung), and it is evidence of how these two entities valued the '988 patent outside of litigation. It is well established that such evidence may be probative to damages issues in the underlying litigation between LMS and Seagate. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79–80 (Fed. Cir. 2012) ("Actual licenses to the patents-in-suit are probative not only of the proper amount of a reasonable royalty, but also of the proper

5

form of the royalty structure."). The '988 patent was just one of many other patents licensed to Samsung as part of the Acacia/Samsung Agreement, but Acacia redacted all information identifying the **other patents** licensed to Samsung as part of the agreement. (*See* Budd Decl., Ex. 8 at ARC 00010-43, ARC 00045-49, ARC 00063-97.) Thus, while Seagate knows the total amount of money Samsung paid for the license and that the '988 patent was part of the license, Seagate does not know **the patent numbers for the other patents that were part of the license** or **even how many other patents** were part of the license because Acacia redacted that information. This information is plainly relevant to assessing the value of the '988 patent for purposes of a hypothetical negotiation in the underlying case. And it is all the more important in this case because Lambeth Systems previously disputed Acacia's valuation of the '988 patent in the Acacia/Samsung Agreement. In its lawsuit against Acacia, Lambeth Systems claimed that Acacia had "seriously undervalued the Lambeth Patents on its [sic] own merits and in relation to the value of the other patents that are the subject of the Samsung Agreement." (*See id.*, Ex. 1, at ¶ 46.)

Acacia similarly redacted its agreements with ▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See id.*, Ex, 9 at ARC 00119-127; Ex. 10 at ARC0002354-2397, ARC0002399-2415, ARC0002419, ARC0002424-2425, ARC0002432-2468, ARC0002471-2488; Ex. 11 at ARC0002233-2256, ARC0002267-2287, ARC0002301-2319; Ex. 12 at ARC0002118-2214.) Each of these agreements apparently confers rights to the '988 patent and thus may be useful in assessing the value of this patent. But again, Acacia's extensive redactions of these agreements prevent Seagate and LMS from discovering and fully understanding how these other leading technology companies valued the '988 patent.

6

Acacia should be well aware that a license agreement involving a patent at issue in litigation is subject to full discovery.  In 2006, an Acacia subsidiary, Diagnostic Systems Corporation ("DSC"), sued several companies for patent infringement, and subsequently refused to produce documents related to its licensing agreements.  *Diagnostics Sys. Corp. v. Symantec Corp.*, 2008 WL 9396386, at *1 (C.D. Cal. Apr. 4, 2008).  The district court then granted defendants' motion to compel and ordered DSC to disclose its licensing agreements "**in their entirety**." *Id.* at *11 (emphasis added).  In doing so, the court pointed out several reasons why the information contained within the license agreement was relevant.  In particular, the court stated that "licensing agreements are relevant to damages because they may help determine reasonable royalties for the Patents." *Id.* at *9 (citing *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) and *Mickowski v. Visi–Trak Corp*. 36 F. Supp. 2d 171, 181 (S.D.N.Y. 1999), *aff'd*, 230 F.3d 1379 (Fed. Cir. 2000)).  And in that case, DSC even "concede[d] that there [was] 'possible relevance of DSC's license agreements . . . in assessing a hypothetical reasonable license royalty.'" *Id.* at *10.

Here, it is undisputed that Acacia's agreements with Samsung, ▮▮▮▮▮ ▮▮▮▮▮ are relevant documents and that the value of the '988 patent is an important issue in the lawsuit between LMS and Seagate.  The parties are entitled to discover all information surrounding these relevant agreements, and redacted versions will not suffice. *See ResQNetcom, Inc. v. Lansa, Inc.*, 828 F. Supp. 2d 688, 695 (S.D.N.Y. 2011) (district court rejected damages expert's royalty calculation made by assuming that the patent-in-suit was equal to the value of the other licensed patents because the expert provided "no reasoning as to why a straight up division method accurately captures the proper royalty.").  Accordingly, the Court should reject Acacia's attempts to shield important portions of these relevant documents from discovery.

2. **Acacia Cannot Redact Documents Based on Its Own Determination of Relevancy.**

Even if the redacted information was irrelevant (which it is not), Acacia may not redact information from responsive documents based on its own determinations of relevancy. Courts in the Third Circuit have held that a producing party may not redact information from otherwise responsive documents based on relevancy. *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008) ("Rule 34 talks about the production of 'documents,' as opposed to the relevant information contained in those documents. . . . There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information"); *see also Sellon v. Smith*, 112 F.R.D. 9, 13 (D. Del. 1986) (agreeing that the producing party "should not be the final arbiter of what is relevant or irrelevant in a particular document"). Other courts have found that redaction "is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request." *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011); *see also Neonatal Prod. Grp., Inc. v. Shields*, 2015 WL 7078796, at *4 (D. Kan. Nov. 13, 2015) ("On the occasions when this court has considered a producing party's unilateral redactions to a discovery document, it has found the practice inappropriate.").

Courts have rejected unilateral, relevancy-based redactions for at least two reasons. First, the Federal Rules of Civil Procedure provide no basis for making redactions based on relevance. *Bartholomew*, 278 F.R.D. at 452; *see also Wellin v. Wellin*, 2014 WL 3496514, at *3 (D.S.C. July 14, 2014). Second, "[i]t is a rare document that contains only relevant information," and thus even information a subpoenaed party may deem irrelevant "may be highly useful to providing context for the relevant information" contained in the same document. *Bartholomew*,

278 F.R.D. at 451; *see also Wellin*, 2014 WL 3496514, at *3.  By producing documents in response to Seagate's subpoena, Acacia has acknowledged that these documents are both responsive to Seagate's discovery requests and relevant to the litigation between LMS and Seagate.  As such, the parties are entitled to view the documents in full, and Acacia must produce them in unredacted form.

### 3. Acacia's Redactions Based on Confidentiality Are Unwarranted.

Acacia also believes that the redacted information may be shielded from discovery because it is highly confidential.  But "confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery." *Neonatal Prod. Grp.,* 2015 WL 7078796, at *5 (quoting *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011)).  And this is especially true when the court has entered a protective order.  *High Point SARL*, 2011 WL 4008009, at *2.  Here, the court in the underlying action entered a comprehensive protective order that allows Acacia to designate its documents as "Confidential Information," "Confidential Attorneys Eyes Only Information," or "Confidential Outside Counsel's Eyes Only Information."  (*See* Budd Decl., Ex. 14.)  Thus, Acacia's concerns about the sensitive or confidential nature of the redacted information are completely alleviated by the court's protective order, which greatly restricts access to designated information, especially that information designated "Confidential Outside Counsel's Eyes Only Information."  *See Medical Tech., Inc. v. Breg, Inc*., 2010 WL 3734719, at *4-5 (E.D. Pa. Sept. 21, 2010) (refusing to quash non-party subpoena where protective order required confidential or highly confidential documents to be produced as AEO, sufficiently protecting non-party's highly confidential commercial information).

## **CONCLUSION**

For the foregoing reasons, Seagate respectfully requests that the Court order Acacia to produce unredacted copies of all documents previously produced to Seagate, including Acacia's agreements with Samsung, ███████████████████████.

| | |
|---|---|
| *Of Counsel:* | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| FAEGRE BAKER DANIELS LLP | /s/ *Pilar G. Kraman* |
| David J.F. Gross<br>Calvin L. Litsey<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA 94303<br>650-324-6700<br>david.gross@faegrebd.com<br>calvin.litsey@faegrebd.com | _____<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>pkraman@ycst.com |
| Chad Drown<br>Elizabeth Cowan Wright<br>Theodore M. Budd<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>612-766-7000<br>chad.drown@faegrebd.com<br>elizabeth.cowanwright@faegrebd.com<br>ted.budd@faegrebd.com<br><br>Dated: June 13, 2017 | *Attorneys for Seagate Technology (US) Holdings, Inc. and Seagate Technology LLC* |

## STATEMENT PURSUANT TO LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, I hereby certify that counsel for Defendants discussed the relief requested in the attached motion with counsel for Acacia, and counsel for Acacia indicated it would oppose the motion.

*/s/ Pilar G. Kraman*

Pilar G. Kraman (No. 5199

**CERTIFICATE OF SERVICE**

  I, Pilar G. Kraman, hereby certify that on June 20, 2017, I caused a true and correct copy of the foregoing document to be served by e-mail on the following counsel:

    Kenneth Hsu, Esquire
    Stradling Yocca Carlson & Rauth, P.C.
    660 Newport Center Drive, Suite 1600
    Newport Beach, CA  92660
    *khsu@sycr.com*

  *Attorney for Respondent Acacia Research Corporation*

Dated:   June 20, 2017      YOUNG CONAWAY STARGATT &
              TAYLOR, LLP

              */s/  Pilar G. Kraman*
              Pilar G. Kraman (No. 5199)
              Rodney Square
              1000 N. King Street
              Wilmington, Delaware 19801
              *pkraman@ycst.com*

              *Attorney for Seagate Technology (US)*
              *Holdings, Inc. and Seagate Technology LLC*