# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAMBETH MAGNETIC STRUCTURES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SEAGATE TECHNOLOGY (US) HOLDINGS, INC., and SEAGATE TECHNOLOGY LLC, <br><br> Defendants. | **Misc. No. 1:17-mc-00148-GMS** <br><br> **(Civ. No. 16-cv-00538)** <br> **(Case Pending in W.D. Pa.)** |

**THIRD PARTY ACACIA RESEARCH CORPORATION'S RESPONSE TO DEFENDANTS SEAGATE TECHNOLOGY (US) HOLDINGS, INC.'S AND SEAGATE TECHNOLOGY LLC'S MOTION TO COMPEL THIRD PARTY ACACIA RESEARCH CORPORATION'S COMPLIANCE WITH SUBPOENA**

Dated: June 27, 2017

Of Counsel:

Marc J. Schneider
Stephen L. Ram
Kenneth P. Hsu
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
(949) 725-4000
sram@sycr.com
khsu@sycr.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Third Party Acacia Research Corporation*

**TABLE OF CONTENTS**

                                                        **Page**

I. INTRODUCTION ..................................................................................................2

II. STATEMENT OF FACTS ....................................................................................3

     A. Lambeth Is The Inventor Of The Patent-In-Suit. ........................................3

     B. Lambeth Files Suit Against Seagate For Alleged Infringement Of The Patent-In-Suit. ..............................................................................................3

     C. Acacia Produces Documents In Response To Seagate's Third-Party Subpoena. .....................................................................................................4

III. LEGAL STANDARD............................................................................................5

IV. ARGUMENT .........................................................................................................6

     A. The Motion Fails To Demonstrate That Any Of The Redacted Information Is Relevant. ...................................................................................................6

          1. Information On Patents Other Than The Patent-In-Suit Is Irrelevant. ..........................................................................................6

          2. Acacia Is Entitled To Redact Irrelevant Information.......................9

     B. The Redacted Information Is Highly Confidential. ...................................10

V. CONCLUSION....................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Badman v. Stark*,
  139 F.R.D. 601 (M.D. Pa. 1991)..................................................................................10

*Bartholomew v. Avalon Capital Grp., Inc.*,
  278 F.R.D. 441 (D. Minn. 2011)..................................................................................10

*Caliper Technologies Corp. v. Molecular Devices Corp.*,
  213 F.R.D. 555 (N.D. Cal. 2003)...............................................................................7, 9

*Cross-Fit, Inc. v. National Strength & Conditioning Association*,
  No. 14cv1191-JLS(KSC), 2016 U.S. Dist. LEXIS 152102 (S.D. Cal.
  Oct. 7, 2016) ................................................................................................................11

*DataQuill Ltd. v. High Tech Computer Corp.*,
  887 F. Supp. 2d 999 (S.D. Cal. 2011)...........................................................................8

*Diagnostics Systems Corp. v. Symantec Corp.*,
  No. SA CV 06-1211 DOC, 2008 U.S. Dist. LEXIS 124160 (C.D. Cal.
  Apr. 4, 2008) .................................................................................................................7

*In re Domestic Drywall Antitrust Litig.*,
  300 F.R.D. 234 (E.D. Pa. 2014)................................................................5, 6, 10, 11

*Hatch v. Reliance Insurance Co.*,
  758 F.2d 409 (9th Cir. 1985) ......................................................................................10

*Johnson v. Folino*,
  528 F. Supp. 2d 548 (E.D. Pa. 2007) ..........................................................................10

*Lehman v. Kornblau*,
  206 F.R.D. 345 (E.D.N.Y. 2001) ................................................................................10

*Lopez v. CSX Transportation, Inc.*,
  No. 3:14-257, 2015 U.S. Dist. LEXIS 139913 (W.D. Pa. Oct. 14,
  2015) .............................................................................................................................5

*Medical Technology, Inc. v. Breg, Inc.*,
  No. 10-mc-00100, 2010 U.S. Dist. LEXIS 100063 (E.D. Pa. Sep. 21,
  2010) ...........................................................................................................................12

*In re Milo's Kitchen Dog Treats*,
  307 F.R.D. 177 (W.D. Pa. 2015) ..................................................................................9

*Neonatal Product Group, Inc. v. Shields*,
  No. 13-2601-DDC, 2015 U.S. Dist. LEXIS 153942 (D. Kan. Nov. 13,
  2015) ..................................................................................................................12

*Orion Power Midwest, L.P. v. American Coal Sales Co.*,
  No. 2:05-cv-555, 2008 U.S. Dist. LEXIS 76366 (W.D. Pa. Sep. 30,
  2008) ..................................................................................................................10

*Sellon v. Smith*,
  112 F.R.D. 9 (D. Del. 1984) .............................................................................10

*Small v. Provident Life & Accident Insurance Co.*,
  Civ. No. 98-2934, 1999 U.S. Dist. LEXIS 18930 (E.D. Pa. Dec. 8,
  1999) ...............................................................................................................9, 10

*Stamy v. Packer*,
  138 F.R.D. 412 (D.N.J. 1990)..........................................................................5, 9

*Tech v. United States*,
  284 F.R.D. 192 (M.D. Pa. 2012)...........................................................................5

*Tetratec Corp. v. E.I. Dupont De Nemours & Co.*,
  Civ. No. 90-1867, 1992 U.S. Dist. LEXIS 12101 (E.D. Pa. Aug. 11,
  1992) ....................................................................................................................9

*United States v. Valencia*,
  Nos. H-04-514-SS, H-06-080, 2006 U.S. Dist. LEXIS 60502 (S.D.
  Tex. Aug. 25, 2006) ..........................................................................................12

*Verisign, Inc. v. XYZ.com, LLC*,
  No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772 (D. Del.
  Dec. 4, 2015)........................................................................................................9

*Zukoski v. Philadelphia Electric Co.*,
  Civ. No. 93-4780, 1994 U.S. Dist. LEXIS 16187 (E.D. Pa. Nov. 14,
  1994) ....................................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 26 ....................................................................5

Federal Rule of Civil Procedure 34 ..................................................................10

Federal Rule of Civil Procedure 45 ........................................................... *passim*

**I.     INTRODUCTION**

In response to a subpoena served by Seagate Technology (US) Holdings, Inc. and Seagate Technology LLC (collectively, "Seagate"), non-party Acacia Research Corporation ("Acacia") produced all responsive documents. These included several Acacia agreements with redactions covering highly confidential, yet irrelevant portions of those agreements. In its motion, Seagate seeks to circumvent the discovery protections afforded to non-parties and compel Acacia to produce unredacted copies of these agreements.

Seagate issued a subpoena in connection with the underlying patent action entitled, *Lambeth Magnetic Structures, LLC v. Seagate Technology (US) Holdings, Inc. et al.*, Civ. A. No. 2:16-cv-00538-CB (W.D. Pa.). In that action, Lambeth alleges that Seagate is infringing *one* patent only: U.S. Patent No. 7,128,988 (the "Patent-in-Suit"), a patent specifically related to magnetic structures for computer memory devices, such as electronic hard disk drives. (D.I. No. 4 ("Budd Decl."), Ex. 13 ("Compl.") ¶¶ 10-11, Ex. A.) Acacia produced highly confidential agreements with various counter-parties but redacted lists of patents *other than* the Patent-in-Suit. The redacted patent lists include dozens of patent portfolios, covering a diversity of technologies and inventions and all completely unrelated to the Patent-in-Suit. (Declaration of Kenneth P. Hsu ("Hsu Decl.") ¶¶ 2,4,5.) Critically, as a company specializing in patent licensing and enforcement, Acacia treats these lists as highly confidential and sensitive commercial information. (Declaration of Clayton Haynes ("Haynes Decl.") ¶ 5.)

Nonetheless, Seagate claims it is entitled to the *entirety* of Acacia's patent lists beyond the Patent-in-Suit. Relying primarily on inapposite case law, Seagate contends that "at least some of the information Acacia has redacted" is relevant to the underlying action because it "may be probative to damages issues[.]" (D.I. No. 3 ("Mot.") at 5.) This claim for relevancy is conclusory, especially when considering that non-party discovery requires a "stronger showing" of relevancy. Moreover, pursuant to Federal

Rule of Civil Procedure 45, subpoenaing parties are not entitled to "confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). The patent lists here fall precisely within this protected category of information. Acacia thus properly redacted such irrelevant, highly confidential information from its production.

Accordingly, Acacia respectfully requests that the Court deny Seagate's motion in its entirety.

## II.     STATEMENT OF FACTS

Based in Newport Beach, Acacia is a publicly traded corporation listed on the Nasdaq Exchange. (Haynes Decl., ¶ 2.) Acacia and its family of companies partner with inventors and other patent holders, ranging from individual inventors and universities to Fortune 500 companies, and license those inventors' patented technologies to companies that are practicing the patents without the inventors' consent. (*Id.*)

### A.     Lambeth Is The Inventor Of The Patent-In-Suit.

Dr. David N. Lambeth is the named inventor of the Patent-in-Suit, which is now owned by Lambeth Magnetic Structures, LLC ("Lambeth"), Plaintiff in the underlying action. (*See* Mot. at 2; Compl. ¶¶ 9-11.) From December 2010 to June 2013, one of Acacia's wholly owned subsidiaries held all rights to license the Patent-in-Suit from Dr. Lambeth. (Haynes Decl., ¶ 3.) Following a dispute between Acacia and Lambeth, Acacia reverted all rights and benefits in the Patent-in-Suit back to Dr. Lambeth. (*Id.*)

### B.     Lambeth Files Suit Against Seagate For Alleged Infringement Of The Patent-In-Suit.

In April 2016, Lambeth filed a lawsuit against Seagate in the District Court for Western District of Pennsylvania, alleging that Seagate infringed the Patent-in-Suit. (Compl. ¶¶ 19-32.) No other patents are mentioned in the Complaint. Acacia is not a party to that Complaint. (*See* Compl. *passim*.)

### C. Acacia Produces Documents In Response To Seagate's Third-Party Subpoena.

On July 27, 2016, Seagate served a document subpoena on Acacia in connection with the underlying action filed by Lambeth. (Budd Decl., Ex. 3.) On August 10, 2016, Acacia timely responded to the subpoena, objecting to both the subpoena generally and to specific requests on the grounds that they seek information "neither relevant to the subject matter of this Action nor proportional to the needs of the case" and "to the extent they seek disclosure of ARC's trade secrets, proprietary knowledge, and/or confidential research, development, commercial, business, or other sensitive information." (*Id.*, Ex. 4 ¶¶ 6, 13.) On October 5, 2016, as part of a discovery compromise, Acacia made a production of documents. (Hsu Decl., ¶ 2.)

Seagate raised no objection to that production for three months until, on January 4, 2017, Seagate sent Acacia a letter broadly restating the subpoena's requests for documents. (Hsu Decl., Ex. A.) For the first time, Seagate's January 4, 2017 letter also objected to Acacia's redactions of patent lists within an agreement between Acacia and Samsung Corporation. (*Id.*) Seagate generally claimed the redacted information "must be produced to Seagate so that Seagate may understand its rights under the agreements[.]" (*Id.* at 1.) In subsequent correspondence, Acacia clarified that its production "contain[ed] redactions of information related to patent portfolios other than the Lambeth patent portfolio on the basis of confidentiality and irrelevance." (Budd Decl., Ex. 6.) Acacia requested multiple times "that Seagate identify any legal authorities explaining the relevance of this information to the pending action." (*Id.*; *see also id.*, Ex. 5 at 3.)

In April and May 2017, after several additional meet and confer teleconferences and without waiving any objections, Acacia made subsequent productions consisting, in part, of additional agreements between Acacia and various companies. (Hsu Decl., ¶¶ 4-5.) These copies contained redactions of irrelevant, confidential patent lists, which are

4

the subject of Seagate's motion.  (*Id.*)

### III.   LEGAL STANDARD

Discovery has "ultimate and necessary boundaries."  *Lopez v. CSX Transp., Inc.*, No. 3:14-257, 2015 U.S. Dist. LEXIS 139913, at *12 (W.D. Pa. Oct. 14, 2015).  In the case of nonparty discovery, courts are "particularly sensitive to weighing the probative value of the information sought against the burden of production on [the] nonparty."  *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014); *see Tech v. United States*, 284 F.R.D. 192, 198 (M.D. Pa. 2012) ("Federal courts have demonstrated willingness to protect the interests of non-parties who are the targets of discovery demands[.]").

For instance, Federal Rule of Civil Procedure 26 expressly limits discovery to issues "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Although courts typically construe relevancy under Rule 26 broadly when addressing discovery between parties to an action, the standard for non-party discovery requires "a *stronger showing of relevance* than for party discovery."  *Domestic Drywall*, 300 F.R.D. at 240 (quoting *Zukoski v. Phila. Elec. Co.*, Civ. No. 93-4780, 1994 U.S. Dist. LEXIS 16187 (E.D. Pa. Nov. 14, 1994).); *see Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990).

In addition, Federal Rule of Civil Procedure 45, which generally governs subpoenas, protects non-parties from disclosing "trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(d)(3)(B)(i).  In determining whether documents qualify as protected confidential information under Rule 45, courts will consider "the extent to which the information is known both inside and outside the business; the precautions taken to guard the secrecy of the information; the value of the information; and the amount of time and expense it would take for others to acquire and duplicate the information."  *Domestic Drywall*, 300 F.R.D. at 242.

5

**IV. ARGUMENT**

    **A. The Motion Fails To Demonstrate That Any Of The Redacted Information Is Relevant.**

        **1. Information On Patents Other Than The Patent-In-Suit Is Irrelevant.**

Acacia produced information concerning the Patent-In-Suit. Seagate makes no contrary contention. In other words, Acacia produced all responsive, relevant information. The motion only pertains to information on other patents.

Acacia properly redacted any mention of patents besides the Patent-in-Suit because such patents are not relevant to the underlying action. In that action, Seagate is alleged to have infringed on one patent only, the Patent-in-Suit. The Complaint does not mention any other patents. (*See* Compl.) Seagate's motion does not claim that any of Acacia's other patents are related to the Patent-in-Suit or otherwise relevant to the merits of the action. These indisputable facts alone dispel Seagate's relevancy claim, particularly under the "stronger showing of relevance" required for nonparty discovery. *Domestic Drywall*, 300 F.R.D. at 240.

Nonetheless, Seagate theorizes that "some of the information Acacia has redacted . . . may be probative to damages issues" specific to the Patent-in-Suit. (Mot. at 5.) This theory of relevancy is speculative at best. The agreements at issue are between Acacia and various companies, in which Acacia licensed or covenanted not to sue in connection with dozens – and in most cases, several thousand – patents expressly named in the agreements. (Haynes Decl., ¶¶ 4-5.)[1] Seagate fails to specify how any other patents – let

---

[1] Seagate contends that "[b]y producing documents in response to Seagate's subpoena, Acacia has acknowledged these documents are both responsive to Seagate's discovery requests and relevant to the litigation between LMS and Seagate." (Mot. at 9.) However, Acacia disputes the relevancy of the agreements and only produced the agreements as a discovery compromise. Accordingly, Acacia expressly made its productions "without waiving any objections[.]" (Budd Decl., Ex. 7 at 5.) Further, in the underlying action, Lambeth disputes Seagate's characterization of all of these agreements as "licenses" to

6

alone *thousands* of them – besides the Patent-in-Suit is relevant to calculating damages resulting from infringement of the Patent-in-Suit.

Seagate asserts that it may be able to ascertain the value of one of the dozens (or thousands) of patents expressly named in the agreements, such as the Patent-in-Suit, if it simply knew the identity of each of those other patents. (*See* Mot. at 6.) However, this argument ignores that these other patents cover a wide variety of inventions representing a diversity of technologies and industries. (Haynes Decl., ¶ 6.) As such, the rights to each patent were negotiated separately. (*Id.*, ¶ 7.) The purported value of each patent listed thus had no connection to the purported value of the hundreds of other patents listed, including the Patent-in-Suit. (*Id.*) Indeed, courts have specifically denied motions to compel where, as here, the discovery requests effectively seek patent agreements that "have little or nothing to do with the technology in the [patent-in-suit]", discovery of which "would encompass extensive rights to the hundreds of patents and patent applications in the [producing party's] patent estate." *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 561 (N.D. Cal. 2003).

Seagate's cited authority is inapposite. Seagate cites *Diagnostics Systems Corp. v. Symantec Corp.*, No. SA CV 06-1211 DOC (ANx), 2008 U.S. Dist. LEXIS 124160 (C.D. Cal. Apr. 4, 2008) because the case involved a subsidiary of Acacia. Yet, *Diagnostic Systems* stands only for the unsurprising proposition that licensing agreements conferring rights to a patent-in-suit, including "financial terms" contained therein, are relevant and discoverable. *Id.* at *36-37.[2] Acacia does not dispute this statement of the

---

the Patent-in-Suit. (Declaration of Jonathan A. Auerbach, ¶ 2.) In any event, a party does not admit the relevancy of a document merely by producing that document. *See Nyanjom v. Hawker Beechcraft*, Inc., No. 12-1461-JAR-KGG, 2014 U.S. Dist. LEXIS 70094, at *4 (D. Kan. May 22, 2014) (producing party "does not concede the relevance or admissibility of a document by producing it.").

[2] In *Diagnostic Systems*, no other patents besides the patent-in-suit were implicated in the licensing agreements at issue. 2008 U.S. Dist. LEXIS 124160, at *36. As such, the issue of the relevancy of patents other than the patent-in-suit was never addressed.

7

law and, accordingly, Acacia did not redact any financial terms from the agreements produced to Seagate. (*See* Budd Decl., Exs. 8-12.)

Seagate also relies upon *DataQuill Ltd. v. High Tech Computer Corp.*, 887 F. Supp. 2d 999 (S.D. Cal. 2011) and *ResQNet.com, Inc. v. Lansa, Inc.*, 828 F. Supp. 2d 688 (S.D.N.Y. 2011). Both cases do little more than discuss the method for calculating reasonable royalty rates for patents, which includes an analysis of specific patents actually ***comparable*** to the patent-in-suit. *See DataQuill*, 887 F. Supp. 2d at 1022; *ResQNet.com*, 828 F. Supp. 2d at 694. However, Seagate here does not assert that any of the hundreds of other patents redacted from the Acacia agreements are comparable to the Patent-in-Suit. Nor does Seagate even propose to apply the test discussed in *DataQuill* and *ResQNet*.com. Importantly, like *Diagnostic Systems*, *DataQuill* and *ResQNet.com* say nothing about the relevancy of other patents owned by a party besides the patent-in-suit.

*ResQnet.com* undermines the very basis for Seagate's theory. Seagate quotes *ResQnet.com* for its holding that a proposed damages calculation is impermissible when it assumes that a patent-in-suit is equal to the value of other licensed patents without any "reasoning as to why a straight up division method accurately captures the proper royalty." 828 F. Supp. 2d at 695. However, Seagate's argument for relevancy appears to presume such a division method – *i.e.*, the total amount money paid in the Acacia agreements divided by the total amount of patents named in those agreements. (*See* Mot. at 6.)

Tellingly, none of the cases Seagate cites involves *non-parties*. Instead, all of the cases apply traditional relevancy standards of party discovery. As noted above, however, within the Third Circuit, "it is generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." *Zukoski*, 1994 U.S. Dist. LEXIS 16187, at *10 (denying motion to compel information "irrelevant to the plaintiff's [] claim."); *see, e.g., Stamy*, 138 F.R.D. at 419; *Verisign, Inc. v.*

*XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772, at *2 (D. Del. Dec. 4, 2015) ("The 'relevance' standard, however, does not apply to nonparties.").

Seagate's contention fails under traditional relevancy standards for party discovery (*see Caliper Techs.*, 213 F.R.D. at 561), and it certainly cannot survive under the heightened standard for non-party discovery. For these reasons, the information Seagate seeks here is irrelevant.

### 2. Acacia Is Entitled To Redact Irrelevant Information.

Acacia is entitled to redact irrelevant information from its document production, particularly as a non-party protected by the heightened standard of relevancy. Courts regularly uphold such irrelevancy redactions. *See Small v. Provident Life & Accident Ins. Co.*, Civ. No. 98-2934, 1999 U.S. Dist. LEXIS 18930, at *12 (E.D. Pa. Dec. 8, 1999) (applying Rule 45, permitting "irrelevant information contained in the non-party records to be redacted before disclosure" to requesting party); *Tetratec Corp. v. E.I. Dupont De Nemours & Co.*, Civ. No. 90-1867, 1992 U.S. Dist. LEXIS 12101, at *2 (E.D. Pa. Aug. 11, 1992) (denying motion to compel documents redacted for irrelevancy "in toto").

Indeed, in *In re Milo's Kitchen Dog Treats*, 307 F.R.D. 177 (W.D. Pa. 2015), the District Court for the Western District of Pennsylvania recently denied a motion to compel information redacted for irrelevancy. Specifically, the *Milo's Kitchen* defendant – a dog treats company – sought discovery of the plaintiff's Facebook data file, which had included plaintiff's comments about other dog treats companies. *Id.* at 180. The plaintiff produced the data file but redacted portions of her profile that were "irrelevant and/or immaterial to th[e] lawsuit," such as Facebook communications entirely unrelated to dog treats. *Id.* The court agreed with the plaintiff and denied the motion to compel, even after recognizing "the broad scope of relevance" in party discovery. *Id.* at 179. Presumptively, the redactions would be even more appropriate under the heightened standard of relevancy for non-party discovery. *See Domestic Drywall*, 300 F.R.D. at 240.

Again, in attempting to remove these protections afforded to non-parties, Seagate

9

relies upon inapposite case law solely addressing discovery standards applying to parties to an action. For instance, Seagate cites *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-cv-555, 2008 U.S. Dist. LEXIS 76366 (W.D. Pa. Sep. 30, 2008), for the proposition that Federal Rule of Civil Procedure 34 prohibits *parties* from "scrub[bing]" irrelevant information from documents. *Id.* at *5. However, Rule 34 *does not* apply to non-party discovery. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) ("Rule 34 may not be used to discover matters from a nonparty."); *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D. Pa. 1991) ("Rule 34 applies only to parties to the lawsuit").

Indeed, Rule 34 itself expressly refers to *Rule 45* for non-party discovery. *See* Fed. R. Civ. P. 34(c) ("Nonparties"); *see also Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001). Pursuant to Rule 45, courts have regularly permitted non-parties to redact irrelevant information from documents produced in response to a non-party subpoena, even if such redactions would not necessarily be proper under Rule 34. *See, e.g., Small*, 1999 U.S. Dist. LEXIS 18930, at *12; *Johnson v. Folino*, 528 F. Supp. 2d 548, 552 (E.D. Pa. 2007) (denying motion to compel unredacted names from non-party where "[i]t is unlikely that the redacted names are relevant"). The other cases Seagate cites are also distinguishable for this same reason. *See Sellon v. Smith*, 112 F.R.D. 9, 13 (D. Del. 1984) (addressing defendant's failure to comply with requests for production); *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451-52 (D. Minn. 2011) (discussion of Rule 34). Accordingly, Acacia's redactions on the basis of irrelevancy are permissible under Rule 45.

### B. The Redacted Information Is Highly Confidential.

Acacia also redacted its patent lists on the basis of confidentiality. As a company specializing in patent licensing and enforcement, Acacia treats these lists as highly confidential and sensitive commercial information. (Haynes Decl., ¶ 5.) Importantly, "trade secrets or other confidential research, development, [and] commercial information" are outside the scope of permissible discovery, particularly in the context of

10

a third-party subpoena. Fed. R. Civ. P. 45(d)(3)(B)(i). In determining whether documents qualify as protected confidential information pursuant to Federal Rule of Civil Procedure 45, courts will consider "the extent to which the information is known both inside and outside the business; the precautions taken to guard the secrecy of the information; the value of the information; and the amount of time and expense it would take for others to acquire and duplicate the information." *Domestic Drywall*, 300 F.R.D. at 242 (citing *Universal Del., Inc. v. Comdata Network, Inc.*, No. 3:10-mc-00104, 2011 U.S. Dist. LEXIS 28963, at *3 (M.D. Tenn. Mar. 21, 2011)).

Acacia's highly confidential and proprietary patent portfolio lists undoubtedly satisfy this standard. Acacia goes to great lengths to protect their confidentiality, as even evidenced by its opposition to Seagate's motion here. (Haynes Decl., ¶ 5.) In fact, these lists are virtually unknown to any parties outside of Acacia besides the counter-parties to the agreements, which are required to enter into broad non-disclosure agreements. (*Id.*) Tellingly, Seagate does not – and cannot – dispute that Acacia's patent lists are highly confidential and sensitive information. (*See* Mot. at 9.) Instead, Seagate only contends that Acacia's redactions on the basis of confidentiality are "unwarranted." (*Id.* at 9.)

However, Seagate ignores the overwhelming weight of authority permitting producing parties responding to a subpoena to redact confidential commercial information protected by Rule 45. *See, e.g., Domestic Drywall.*, 300 F.R.D. at 249 (E.D. Pa. 2014) (where non-party "has been asked to disclose one of the most sensitive and critical aspects of its business," it was permitted to redact such information); *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Assoc.*, No. 14cv1191-JLS(KSC), 2016 U.S. Dist. LEXIS 152102, at *26 (S.D. Cal. Oct. 7, 2016) (permitting redaction of private financial information where risk "exceeds any likely benefit to plaintiff"); *United States v. Valencia*, Nos. H-04-514-SS, H-06-080, 2006 U.S. Dist. LEXIS 60502, at *11 (S.D. Tex. Aug. 25, 2006) (permitting redaction of "commercially sensitive patterns").

Seagate cites cases holding that a *party* cannot withhold or redact documents on the basis of confidentiality where the *parties* to the action have agreed upon and the court has entered a protective order. *See, e.g., Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC, 2015 U.S. Dist. LEXIS 153942, at *15 (D. Kan. Nov. 13, 2015).[3] Once again, none of these cases involve instances in which a *non-party* is producing a document, but redacting highly confidential (not to mention irrelevant) information. Interestingly, even these cases recognize that while certain redactions by a party to an action may be unjustified under Rule 34, Rule 45 "expressly encourage[s] parties to limit the burdens discovery may place on nonparties." *Neonatal Prod.*, 2015 U.S. Dist. LEXIS 153942, at *15.

## V.     CONCLUSION

For the foregoing reasons, Acacia respectfully requests that this Court deny the motion in its entirety.

Dated: June 27, 2017                                        Respectfully submitted,

Of Counsel:                                                         FARNAN LLP

Marc J. Schneider                                            /s/ Brian E. Farnan
Stephen L. Ram                                              Brian E. Farnan (Bar No. 4089)
Kenneth P. Hsu                                              Michael J. Farnan (Bar No. 5165)
STRADLING YOCCA CARLSON &          919 North Market Street, 12th Floor
RAUTH, P.C. 660 Newport Center Drive,     Wilmington, DE 19801
Suite 1600                                                            (302) 777-0300
Newport Beach, CA 92660                            bfarnan@farnanlaw.com
(949) 725-4000                                                 mfarnan@farnanlaw.com
mschneider@sycr.com
sram@sycr.com
khsu@sycr.com                                                *Attorneys for Third Party Acacia Research Corporation*

---

[3] Seagate also cites *Medical Technology, Inc. v. Breg, Inc.*, No. 10-mc-00100, 2010 U.S. Dist. LEXIS 100063 (E.D. Pa. Sep. 21, 2010), in which a court refused to quash a non-party subpoena. *Id.* at *2. Here, Acacia does not seek to quash Seagate's subpoena, but instead has complied with the subpoena subject to certain redactions.